# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| DAVID RAY | CIVIL ACTION NO. 09-112 |
| | SECTION P |
| VS. | JUDGE TRIMBLE |
| ANTHONY ALLEMAND | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is David Ray's *pro se* civil rights complaint (42 U.S.C. § 1983), filed *in forma pauperis* on January 22, 2009. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections. He is currently incarcerated at Allen Correctional Center (ACC), Kinder, Louisiana. He names Assistant ACC Warden Anthony Allemand as his defendant.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his complaint, plaintiff states that the defendant confiscated a chrome necklace from him on July 3, 2008. Plaintiff claims that the defendant told him that he would mail the necklace to plaintiff's house. However, plaintiff states that he checked ACC's mail room every day but never saw the necklace. He claims that he completed all steps of the Administrative Remedies Procedure (ARP) in regard to this subject. As relief, plaintiff seeks $50.00 and court costs.

## LAW AND ANALYSIS

**Frivolity Review**

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obligated to dismiss the case at any time if it determines that the complaint is

1

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A; 42 U.S.C.A. § 1997e(c).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F. Supp. 931, 942-43 (S.D. Tex. 1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, short and succinct, sufficiently establishes his theories of liability with respect to the named defendant, and the court is convinced that plaintiff has presented the

best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint with prejudice as his claims are frivolous as a matter of law.

**The *Parratt/Hudson Doctrine***

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, a prisoner's claim for random deprivation of personal property is not cognizable under § 1983. In *Parratt v. Taylor*, 451 U.S. 527, 544, 107 S. Ct. 1908, 68 L. Ed. 2d 420 (1981),[1] a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Supreme Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.* at 536-37, 101 S. Ct. at 1913; 68 L. Ed. 2d 420.

---

[1] *Parratt* was overruled on other grounds by *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

The Due Process Clause does not embrace tort law concepts. *Id.* Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy. *Daniels v. Williams*, 474 U.S. 327, 335-36, 106 S. Ct. 662, 667, 88 L.Ed.2d 662 (1986). Even in instances of an intentional deprivation, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). This principle, known as the *Parratt/Hudson* doctrine, rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Id.* (citing *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S. Ct. 975, 985-86, 1098 L. Ed. 2d 100 (1990).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that an intentional, random, and unauthorized deprivation occurred concerning the item of personal property. If adequate state law remedies are available, no further due process is required under the Constitution. Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort (conversion) committed by employees of ACC. La. Civ. Code, Art. 2315. Thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S. Ct. 2994, 120 L.Ed.2d 871 (1992).

Because a liberal construction of plaintiff's allegations fails to support a Fourteenth Amendment violation as the claim before the court is clearly barred by the *Parratt/Hudson* doctrine, plaintiff's property deprivation claims are not a cognizable claim under §1983 and should be dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED**, in Chambers, at Lake Charles, Louisiana, this 11th day of May, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE